HARRISON CROUCH et al. *v.* JAMES HUFFSTUTTER et al.

**Wills — Devise of Land — Postponement of Partition — Joint Tenancy.**
Where a will postpones a partition of land devised until the death of one of the devisees, the others are not entitled to have a division until that event happens, but are entitled to enjoy the estate as joint tenants.

APPEAL FROM NICHOLAS CIRCUIT COURT.

June 29, 1867.

OPINION OF THE COURT BY JUDGE ROBERTSON:

As the will postpones a partition until after the death of the idiot, John, as well as of his mother, and John still survives, the appellants are not now entitled to partition. But the heirs of David Huffstutter are entitled to all his rights as joint devisees with the appellee James Huffstutter, and consequently they have a right to enjoy their share, as he might do if still alive, by joint occupancy or otherwise. At the idiot's death, therefore, the appellants or their heirs will be entitled to an allotment of their proper shares of the joint property devised to David and James,

and, in the meantime, they are entitled to their proportionate share of occupancy or profits, after deducting the maintenance charged on the land. The petition alleges that there will be profits or rents after making that deduction. The allegations of the petition make, therefore, a *prima facie* case of title to some relief, and consequently the demurrer ought to have been overruled. It would be prudent, however, to make all David's heirs parties.

Wherefore, the judgment is reversed and the cause remanded for answer and further proceedings for ascertaining the extent of profits or whether any since David Huffstutter's death, and for general relief as far as appellants may show themselves entitled to it.